IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Justin Jamal Lewis, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 4:25-cv-218-BHH |
| v. ) | |
| ) | **ORDER** |
| State of South Carolina, Alan McCrory ) | |
| Wilson, D. Russell Barlow II, Steven ) | |
| Willard Fowler, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court upon Plaintiff Justin Jamal Lewis's ("Plaintiff") pro se complaint filed pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

On January 22, 2025, the Magistrate Judge issued a report and recommendation ("Report"), outlining the issues and recommending that the Court dismiss Plaintiff's complaint without service of process and without leave to amend. (ECF No. 10.) In the Report, the Magistrate Judge explained that all Defendants are subject to dismissal because they (1) are not "persons" for purposes of § 1983; (2) are not state actors subject to suit under § 1983; or (3) are entitled to immunity from suit. (*Id.* at 5-10.) In addition, the Magistrate Judge explained that Plaintiff's claims are related to a pending post-conviction relief action in state court, and this Court should abstain from considering Plaintiff's claims as a result. (*Id.* at 10 (citing *Younger v. Harris*, 401 U.S. 37 (1971).) Lastly, the Magistrate Judge noted that this action is duplicative of other actions filed by Plaintiff in this Court, and to the extent Plaintiff asserts deliberate indifference or conditions-of-confinement claims,

such claims are subject to dismissal as duplicative. (*Id.* at 11-12.) Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections to the Report have been filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge's analysis. **Accordingly, the Court adopts the Magistrate Judge's Report (ECF No. 10), and the Court dismisses this action without service of process and without leave to amend because any attempt to cure the deficiencies outlined**

**in the Report would be futile.**

    **IT IS SO ORDERED.**

/s/Bruce H. Hendricks<br>United States District Judge

February 13, 2025
Charleston, South Carolina